# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-533V
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
                                        *
JOHN NAZAKA,                            *       Filed:  October 1, 2014
                                        *
              Petitioner,               *       Decision by Proffer; Damages;
                                        *       Tetanus, Diphtheria, and Acellular
      v.                                *       Pertussis ("Tdap") Vaccine;
                                        *       Parsonage-Turner Syndrome
                                        *       (Brachial Neuritis "BN")
SECRETARY OF HEALTH AND                 *
HUMAN SERVICES,                         *
                                        *
              Respondent.               *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Maximillian J. Muller*, Muller Brazil, LLP, Philadelphia, PA, for Petitioner.

*Debra Begley*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## DECISION AWARDING DAMAGES[1]

On June 23, 2014, John Nazaka filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he suffered from Parsonage-Turner syndrome (also known as brachial neuritis ("BN")) as a result of receiving the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine on September 10, 2013.

---

[1] Because this ruling contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the ruling will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

In the Rule 4(c) Report, filed on September 11, 2014, Respondent conceded that Petitioner had suffered a Table Injury of BN due to his receipt of a Tdap vaccine. In view of Respondent's concession and my own review of the record, I issued a ruling, dated September 15, 2014, finding that Petitioner had established that he was entitled to compensation for his injury, and I subsequently issued an order indicating that this case was ready for the damages phase. Thereafter, on October 1, 2014, Respondent filed a proffer awarding compensation to Petitioner.

I have reviewed the file, and based upon that review, I conclude that the Respondent's proffer is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards Petitioner:

- A lump sum of $66,890.27 in the form of a check payable to Petitioner, John Nazaka. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner would be entitled.

Proffer § 2.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

```
*************************************
JOHN NAZAKA,                         *
                                     *
                Petitioner,          *           No. 14-533V
                                     *           SPECIAL MASTER
v.                                   *           BRIAN H. CORCORAN
                                     *
SECRETARY OF HEALTH AND              *
HUMAN SERVICES,                      *
                                     *
                Respondent.          *
*************************************
```

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.      Compensation for Vaccine Injury-Related Items:**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $66,890.27. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); §5(a)(3)(B); and §15(a)(4). Petitioner agrees.

**II.      Form of the Award:**

The parties recommend that the compensation provided to petitioner, John Nazaka, should be made through a lump sum payment as described below, and request that the special master's decision and the Court's judgment award the following:[1]

> A. A lump sum payment of $66,890.27 in the form of a check payable to petitioner, John Nazaka. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1]      Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and/or future lost wages.

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division

s/ DEBRA A. FITLEAU BEGLEY
DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone: (202) 616-4181

Date: October 1, 2014